IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 1, 2022

## IN RE ISAIAH D.

**Appeal from the Circuit Court for Gibson County**
**No. H4174      Clayburn Peeples, Judge**

_____

### No. W2021-01168-COA-R3-PT

_____

A mother and stepfather filed a petition to terminate a father's parental rights. The trial court dismissed the petition after finding that the mother and stepfather failed to prove by clear and convincing evidence the existence of any ground for termination. Because the trial court failed to make specific findings of fact in its order dismissing the petition, we vacate the order and remand for the trial court to enter an order making sufficient findings of fact.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and KENNY W. ARMSTRONG, JJ., joined.

Angela W. Mueller, Trenton, Tennessee, for the appellants, Jasmine D. and David D.

### OPINION

FACTUAL AND PROCEDURAL BACKGROUND

This appeal involves a petition to terminate a biological father's parental rights. Andre D., Jr. ("Father") and Jasmine D. ("Mother") had a non-marital child in 2017. Father and Mother have had a tumultuous relationship throughout the child's life, as evinced by Mother obtaining more than one order of protection against Father. Their relationship became further strained when Mother married David D. ("Stepfather") in August 2020 and when Father joined in a dependency and neglect petition filed by Mother's sister, Niyia B. ("Aunt"). In the petition, Aunt alleged that the child had been living with Aunt for approximately two years due to Mother's financial and emotional instability and that Mother intended to relocate with the child to Humboldt, Tennessee. Aunt found the latter to be the most concerning because Mother was moving to Humboldt to live with Stepfather

even though the two had not been dating very long. Based on the allegations in the petition, the juvenile court entered an ex parte protective custody order granting Aunt temporary legal custody of the child. The record shows, however, that the child remained in Mother's physical custody despite this order.

The juvenile court heard the dependency and neglect petition on October 7, 2020. Because Aunt failed to appear at the hearing, the court dismissed the petition "for failure to prosecute" and restored legal custody to Mother. In the order dismissing the petition, the juvenile court stated that Father's visitation rights were "revoked until such time as Father files his own petition for visitation rights." There is no dispute that Father failed to file a petition for visitation, nor is there any dispute that he had no visitation with the child after October 7, 2020. Initially, Father claimed that he did not file a petition for visitation because he believed that, during the October 7, 2020 hearing, the court told him and Mother to reach their own agreement about visitation. He later claimed, however, that his failure to petition for visitation was due to not having Mother's address so he could serve her with such a petition.

Father learned of Mother and Stepfather's address on October 31, 2020,[1] and went to the home to speak to Mother. Stepfather answered the door and asked Father to leave; Father left and did not return. Shortly thereafter, Mother filed for another order of protection against Father alleging that he was stalking her when he came to her home on October 31. The order of protection was granted on February 7, 2021. Five days before the order of protection was granted, Father was arrested and incarcerated in the Desoto County Detainment Center in Hernando, Mississippi, where he remained until April 1, 2021.

On March 12, 2021, Mother and Stepfather filed a petition to terminate Father's parental rights and for adoption by stepparent alleging the following grounds for termination: (1) abandonment by failure to visit for a period of four consecutive months immediately preceding the filing of the petition, (2) abandonment by failure to support for a period of four consecutive months immediately preceding the filing of the petition, (3) abandonment by an incarcerated parent due to a failure to visit for four months before incarceration, and (4) abandonment by an incarcerated parent due to a failure to support

---

[1] According to Father, he learned of Mother and Stepfather's address when he saw Mother's car in a parking lot while he was in West Tennessee for work on October 31, 2020:

> And I'm on the road, and the car [Mother] drives, it's a - - it's a bug. I don't know the year and stuff, but I know the car because I have paperwork, and so, with that, I stopped. I said, oh, wait up, that's her car . . . . So, I just went and knocked on the door. It took them a while to come to the door, and I just still stood there, and before I could say a word, [Stepfather] said, "That's not how we do it. You have to - - [Mother] didn't bring you here. You have to get off my property.

for four months before incarceration. After a one-day trial, the trial court dismissed the termination petition based on its conclusion that clear and convincing evidence did not exist to establish any ground for termination of Father's parental rights.

Mother and Stepfather appealed and present the following issue for our review: whether the trial court erred in concluding that they failed to establish by clear and convincing evidence the existence of any ground for termination of Father's parental rights.[2]

STANDARD OF REVIEW

Under both the federal and state constitutions, a parent has a fundamental right to the care, custody, and control of his or her own child. *Stanley v. Illinois*, 405 U.S. 645, 651 (1972); *In re Angela E.*, 303 S.W.3d 240, 249-50 (Tenn. 2010) (citing *Troxel v. Granville*, 530 U.S. 57, 65 (2000)); *Nash-Putnam v. McCloud*, 921 S.W.2d 170, 174-75 (Tenn. 1996) (citing *Nale v. Robertson*, 871 S.W.2d 674, 678 (Tenn. 1994)). Although this right is fundamental, it is not absolute and may be terminated in certain situations. *In re Angela E.*, 303 S.W.3d at 250. Our legislature has identified "'those situations in which the state's interest in the welfare of a child justifies interference with a parent's constitutional rights by setting forth grounds on which termination proceedings can be brought.'" *In re Jacobe M.J.*, 434 S.W.3d 565, 568 (Tenn. Ct. App. 2013) (quoting *In re W.B., IV.*, Nos. M2004-00999-COA-R3-PT, M2004-01572-COA-R3-PT, 2005 WL 1021618, at *7 (Tenn. Ct. App. Apr. 29, 2005)).

Tennessee Code Annotated section 36-1-113 provides the grounds and procedures for terminating parental rights. First, a petitioner seeking to terminate parental rights must prove that at least one ground for termination exists. Tenn. Code Ann. § 36-1-113(c)(1); *In re Angela E.*, 303 S.W.3d at 251. Second, a petitioner must prove that terminating parental rights is in the child's best interest. Tenn. Code Ann. § 36-1-113(c)(2); *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002).

The termination of a parent's rights is one of the most serious decisions courts make because "[t]erminating parental rights has the legal effect of reducing the parent to the role of a complete stranger," *In re W.B., IV*, 2005 WL 1021618, at *6, "and of 'severing forever all legal rights and obligations of the parent or guardian.'" *Id.* (quoting Tenn. Code Ann. § 36-1-113(l)(1)). Consequently, a parent has a constitutional right to "fundamentally fair procedures" during termination proceedings. *In re Hannah C.*, No. M2016-02052-COA-R3-PT, 2018 WL 558522, at *2 (Tenn. Ct. App. Jan. 24, 2018); *see also In re Carrington H.*, 483 S.W.3d 507, 522 (Tenn. 2016).

---

[2] Father elected not to file an appellate brief.

Tennessee law ensures fundamental fairness in termination proceedings by requiring a heightened standard of proof—clear and convincing evidence. *See* Tenn. Code Ann. § 36-1-113(c)(1); *In re Carrington H.*, 483 S.W.3d at 522. Before a parent's rights may be terminated, a petitioner must prove both the grounds and the child's best interest by clear and convincing evidence. Tenn. Code Ann. § 36-1-113(c); *In re Valentine*, 79 S.W.3d at 546. "Clear and convincing evidence 'establishes that the truth of the facts asserted is highly probable, and eliminates any serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *In re Serenity B.*, No. M2013-02685-COA-R3-PT, 2014 WL 2168553, at *2 (Tenn. Ct. App. May 21, 2014) (quoting *In re M.J.B.*, 140 S.W.3d 643, 653 (Tenn. Ct. App. 2004)).

We review the trial court's findings of fact de novo with a presumption of correctness unless the evidence preponderates otherwise. TENN. R. APP. P. 13(d); *In re Serenity B.*, 2014 WL 2168553, at *2. In light of the heightened standard of proof, we must then make our own determination "as to whether the facts, either as found by the trial court or as supported by a preponderance of the evidence, amount to clear and convincing evidence of the elements necessary to terminate parental rights." *In re Carrington H.*, 483 S.W.3d at 524 (citing *In re Bernard T.*, 319 S.W.3d 586, 596-97 (Tenn. 2010)).

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN TERMINATION CASES

Before we can address the issue raised by Mother and Stepfather, we must consider whether the trial court made sufficient findings of fact and conclusions of law in its order dismissing the termination petition. Tennessee Code Annotated section 36-1-113(k) expressly states that trial courts are required to "enter an order that makes specific findings of fact and conclusions of law" in termination cases. Therefore, "*trial courts must prepare and file written findings of fact and conclusions [of] law with regard to every disposition of a petition to terminate parental rights*, whether they have been requested or not." *In re B.L.R.*, No. W2004-02636-COA-R3-PT, 2005 WL 1842502, at *15 (Tenn. Ct. App. Aug. 4, 2005) (quoting *In re Adoption of Muir*, No. M2002-02963-COA-R3-CV, 2003 WL 22794524, at *3 (Tenn. Ct. App. Nov. 25, 2003)); *see also In re K.J.G.*, No. E2015-00087-COA-R3-PT, 2016 WL 1203800, at *3 (Tenn. Ct. App. Mar. 28, 2016). In other words, this requirement applies not only to cases where a trial court terminates a parent's parental rights but also to cases where a trial court declines to terminate a parent's parental rights. *See In re Adoption of Muir*, 2003 WL 22794524, at *2-3 (vacating order that denied petition to terminate because the trial court failed to make specific findings of fact). Except under certain circumstances, if a trial court fails to comply with this requirement, we must remand the case for preparation of the necessary findings of fact and conclusions of law. *State v. McBee*, No. M2003-01326-COA-R3-PT, 2004 WL 239759, at *6 (Tenn. Ct. App. Feb. 9, 2004) (citing *In re D.L.B.*, 118 S.W.3d 360, 367 (Tenn. 2003)); *see also In re Ralph M.*, No. E2021-01460-COA-R3-PT, 2022 WL 3971633, at *16-17 (Tenn. Ct. App. Sept. 1, 2022) (vacating the persistence of conditions ground due to insufficient findings of fact but declining to remand for additional findings because "other grounds exist[ed]").

Here, the entirety of the trial court's order dismissing the termination petition is as follows:

**ORDER OF DISMISSAL**

This cause came to be heard on August 26, 2021 before the Honorable Clayburn Peeples, Judge for the Circuit Court of Gibson County at Trenton, Tennessee, upon a Petition to Terminate Parental Rights and for Adoption by Step-Parent filed by [Mother and Stepfather];

Those present and testifying before this court being the [Mother and Stepfather], and their attorney Angela Mueller; [Father], and his attorney Eric P. Egbert; the Guardian ad Litem, Betty S. Scott; and witnesses [Aunt] and Tiffany Burrus;

That upon the testimony of [Mother and Stepfather], [Father], representations of counsel, witnesses and the entire record in this cause, from all of which it appears to the Court that the court finds [Mother and Stepfather] have failed to prove by clear and convincing evidence that [Father] abandoned the Minor Child pursuant to T.C.A. 36-1-102(A)(i).

This Court finds that [Father] did not willfully fail to visit the child for a period of four consecutive months nor did [Father] willfully fail to support the child.

It is THEREFORE, ORDERED, ADJUDGED AND DECREED that the Amended Petition by [Mother and Stepfather] for Termination of Parental Rights and for Adoption by a Step-Parent be dismissed, that all counsel including the Guardian *ad litem* be relieved of their duties, and that costs of this cause, if any, shall be taxed to Petitioners.

SO ORDERED THIS 27th day of September, 2021.

This meager, five-paragraph order provides little that could be deemed findings of fact. It needs to be understood that merely stating in a final order that a parent "did not willfully fail to visit" or "did not willfully fail to support" are conclusions of law, not findings of fact. Placing the phrase "This Court finds" before these statements does not convert the conclusions of law into findings of fact. *See In re K.N.R.*, No. M2003-01301-COA-R3-PT, 2003 WL 22999427, at *4 (Tenn. Ct. App. Dec. 23, 2003) ("Moreover, placing the statement (abandoned the child) following the popular phrase 'the Court therefore finds' does not transform a conclusion of law into a finding of fact.").

Because the trial court failed to set forth the findings of fact that underlie the conclusions of law, we are unable to proceed with our review of this case. Therefore, we vacate the Order of Dismissal and remand the matter to the trial court to enter an order that makes specific findings of fact. We note that, in both the original termination petition and the amended termination petition, Mother and Stepfather asserted "abandonment" as defined in Tenn. Code Ann. § 36-1-102(1)(A)(i) and as defined in Tenn. Code Ann. § 36-

- 5 -

1-102(1)(A)(iv).  The trial court referenced the definition in subsection (i), but it is unclear from the order whether the court considered the definition in subsection (iv).  Thus, on remand, the trial court should make specific findings of fact as to both definitions relied upon by Mother and Stepfather.

CONCLUSION

The judgment of the trial court is vacated and the case is remanded for further proceedings consistent with this opinion.  Costs of this appeal are assessed against the appellants, Jasmine D. and  David D., for which execution may issue if necessary.


_/s/ *Andy D. Bennett*_____
ANDY D. BENNETT, JUDGE